*Formatted for Electronic Distribution*        *For Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
10/16/2025

**In re:**

**Daniel A. Susco,**      Case # 24-10204
       Debtor.      Chapter 13

**Daniel A. Susco**
**and Andrea Celli, in her capacity**
**as Chapter 13 Trustee,**
       Plaintiffs,

     v.      Adv. Pro. No. 24-01007

**Thomas J. Hooker**
**and Town of Mount Holly,**
       Defendants.

*Appearances:*

| | |
|---|---|
| *Gregory Fox, Esq.* | *Andrea E. Celli, Esq.* |
| *Vermont Legal Aid* | *Albany, NY 12207* |
| *Montpelier, Vermont* | *Chapter 13 Trustee* |
| *For the Debtor* | |
| | |
| *Michael B. Fisher, Esq.* | *Kevin L. Kite, Esq.* |
| *Fisher Law Offices, PLLC* | *Carroll, Boe & Kite, P.C.* |
| *Hanover, New Hampshire* | *Middlebury, Vermont* |
| *For Thomas J. Hooker* | *For Town of Mount Holly* |

### MEMORANDUM OF DECISION ON PLAINTIFF'S CLAIM OF UNJUST ENRICHMENT

Debtor Daniel A. Susco's claim of unjust enrichment remains before the Court.[1] After the Court issued its decision on cross-motions for summary judgment, the parties to this adversary

---

[1] Andrea Celli, in her capacity as Chapter 13 Trustee, joins Debtor's claims in this adversary proceeding. For ease of

1

proceeding consented for the Court to enter a final judgment on Debtor's state law claim for unjust enrichment.[2] For the reasons set forth below, the Court denies Debtor's Motion for Summary Judgment and grants Summary Judgment to the Town of Mount Holly and Defendant Thomas J. Hooker.[3]

### Factual Background

The Court previously detailed the underlying facts of the adversary proceeding pending before the Court in its Memorandum of Decision of August 8, 2025.[4] Thus, the reader's familiarity with the facts is presumed and will not be reiterated here.

### Procedural Background

Debtor commenced this adversary proceeding on October 8, 2024, and subsequently amended his complaint (Complaint).[5] In the Complaint, Debtor alleges seven causes of action, the last of which is a state law claim for unjust enrichment. Debtor grounds his claim on his allegation that he has been deprived of his substantial equity in the Property and Defendant Thomas J. Hooker, as purchaser at the 2023 Tax Sale, has been unjustly enriched by the differential between the fair market value of the Property and the purchase price paid at the 2023 Tax Sale.[6] Debtor seeks a monetary judgment against Mr. Hooker in the amount of $341,173.38 for unjust

---

reference, "Debtor" shall refer to Debtor and the Trustee collectively.

[2] ECF 76.

[3] The parties included in their Stipulation and Order a "clarification" that the unjust enrichment claim asserted in the [Amended] Complaint is against Defendant Hooker only and not the Town of Mount Holly [ECF 76]. The Town of Mount Holly moved for judgment as a matter of law as to the Town and Mr. Hooker and Mr. Hooker incorporated those arguments by reference. For the reasons set forth, the unjust enrichment claim fails as a matter of law as to both Defendants. *See* Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(f).

This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 9014 and 7052.

[4] Capitalized terms used in this decision but not otherwise defined herein, shall have the meanings ascribed to them in the Court's August 8, 2025 Memorandum of Decision on Cross Motions for Summary Judgment [ECF 70].

[5] ECF 1; ECF 33-1.

[6] ECF 33-1, ¶ 75.

2

enrichment under Vermont law based upon his argument that Mr. Hooker received a "home equity windfall."[7]

## DISCUSSION

This Court has previously held that consideration received from a non-collusive tax sale conducted in accordance with the Vermont statutes is entitled to the presumption of reasonably equivalent value as articulated by the United States Supreme Court in *BFP v. Resolution Trust Corp.*[8] At first glance, this holding may appear to dispose of Debtor's unjust enrichment claim. Since the United States Supreme Court's analysis in *BFP* centered around a fraudulent conveyance analysis and that the "fair market value" of a property is not controlling in a distressed sale context, this Court examines Debtor's unjust enrichment claim under Vermont law separately.

"Under the doctrine of unjust enrichment, a party who receives a benefit must return the benefit if retention would be inequitable."[9] To succeed on a claim for unjust enrichment, Debtor "must prove that (1) a benefit was conferred on defendant; (2) defendant accepted the benefit; and (3) defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value."[10]

When determining whether retention would be inequitable, the Vermont Supreme Court instructs as follows:

> Unjust enrichment is present if, in light of the totality of the circumstances, equity and good conscience demand that the benefitted party return that which was given. Whether there is unjust enrichment present may not be determined from a limited inquiry confined to an isolated transaction. It

---

[7] ECF 51 p. 26.

[8] ECF 70 at p. 25.

[9] *Kellogg v. Shushereba,* 2013 VT 76, ¶ 22, 194 Vt. 446, 82 A.3d 1121 (quotation and alteration omitted).

[10] *Beldock v. VWSD, LLC*, 2023 VT 35, ¶ 68, 218 Vt. 144, 176, 307 A.3d 209, 233 (2023) (quoting *Center v. Mad River Corp.*, 151 Vt. 408, 412, 561 A.2d 90, 93 (1989)).

3

must be a realistic determination based on a broad view of the human setting involved.[11]

Debtor asserts "equity and good conscience" require Mr. Hooker pay the "excess value" of the Property – deemed to be the fair market value of the Property less the price paid at the tax sale – to Debtor in the form of a judgment which should be entered as a matter of law.[12] Debtor cites no case law to support this assertion. The Town and Mr. Hooker[13] submit that an unjust enrichment claim against the Town and Mr. Hooker fails as a matter of law because it runs afoul of Vermont Supreme Court precedent.[14]

In *Westine,* the Vermont Supreme Court considered a claim by owners of property sold at tax sale who sought damages arising from the tax sale and a failed redemption attempt. The taxpayer [Clark] provided only a partial payment toward redemption and failed to remit the entire redemption amount prior to the expiration of the redemption period. Having not received payment in full, the town issued a tax collector's deed to the purchaser. The taxpayer then commenced suit against the town and the purchaser seeking to recover the property or to recover damages under an unjust enrichment theory.[15] The taxpayer also sued his attorney for negligence. Initially, the trial court held for the plaintiff and awarded damages against each of the defendants, jointly and severally.[16] The Vermont Supreme Court reversed, holding the plain language of 32 V.S.A. § 5261, *required* the town to issue the tax collector's deed where full payment had not been remitted within

---

[11] *Mueller v. Mueller,* 2012 VT 59, ¶ 28, 192 Vt. 85, 96, 54 A.3d 168 (2012) (internal citations omitted).

[12] ECF 51 p. 26. This Court makes no determination whether there is any excess value in the Property. ECF 70, at p. 7.

[13] In Defendant Thomas J. Hooker's Memorandum of Law in Support of His Opposition to the Debtor's Motion for Summary Judgment [ECF 63, p. 10], Mr. Hooker incorporates the argument made by the Town in its Motion for Summary Judgment and Incorporated Memorandum of Law [ECF 55, pp. 22-24], to which the Debtor responded in Debtor's Memorandum of Law in Opposition to Town of Mount Holly's Motion for Summary Judgment [ECF 58].

[14] *See* ECF 55 p. 232 (*citing Westine v. Whitcomb, Clark & Moeser, et al.,* 150 Vt. 9, 547 A.2d 1349 (1988)).

[15] *Westine*, 150 Vt. at 10-11 (summarizing facts).

[16] *Westine*, 150 Vt. at 11.

4

the redemption period:

> As of July 15, 1981, the Town had not received Clark's promised check for the outstanding interest balance of $ 196.90. The time for redemption having passed, the Town issued a tax deed to Boylan, the purchaser of the property at the tax sale. The mandatory language "shall execute to the purchaser a deed" entails little uncertainty as to a collector's appropriate course of action. We hold that the Town, being bound by § 5261, acted appropriately under the circumstances.[17]

The Vermont Supreme Court held the town could not be liable to the taxpayer. The Court also held the purchaser could not be liable to the taxpayer as the purchaser held rightful title to the tax sale property:

> Without a proper redemption, the Town was legally bound by 32 V.S.A. § 5261 to issue a tax deed to Boylan. That deed having been validly issued on August 5, 1981, Boylan obtained rightful title to the property. We hold that Boylan, as purchaser of the property at the tax sale, properly holds title.[18]

The Vermont Supreme Court required the *Westine* purchaser to refund the partial redemption amount to the taxpayer, but as the valid owner of the property, Boylan was not unjustly enriched by purchasing the property and was not liable for monetary damages for the difference between the fair market value of the property less the tax sale purchase price.

Debtor attempts to distinguish *Westine* from the facts in this case. Debtor posits that although the tax sale purchaser was entitled to keep the deed to the property he purchased, the plaintiff in *Westine* was made whole by prevailing on his negligence claim against his attorney. Debtor "reads between the lines" and interprets the Court's decision as implicitly fashioning an equitable remedy to ensure the taxpayer received compensation for the fair market value of the property sold at tax sale. Specifically, Debtor argues the Vermont Supreme Court

> determined it was not inequitable to allow the tax sale purchaser to retain the property knowing that the prior owner was receiving his partial

---

[17] *Westine*, 150 Vt. at 13.

[18] *Id.* at 14.

5

redemption payment back and money damages measured in terms of lost equity on his negligence claim. This case is a good example of a court exercising its equitable powers to craft a result that is economically fair, which is the point of unjust enrichment.[19]

Nothing in the *Westine* decision supports Debtor's inference.

Rather, the Vermont Supreme Court recognized the trial court's determination that the law firm representing the taxpayer had been negligent in connection with the tax sale, the redemption of the property, and the subsequent issuance of the tax deed. The Supreme Court affirmed that finding, as well as the trial court's award of damages for negligence in the amount of the value of the property at the date of trial, jointly and severally against the negligent attorney and the law firm. On appeal, the law firm conceded the correct measure of damages for their negligence to be the fair market value of the property, so the correct measure of damages for the law firm's negligence was not in dispute.[20] However, the Vermont Supreme Court reversed the trial's court's judgment against the town and the tax sale purchaser.

In this case, Debtor did not attempt to redeem the Property. Unlike *Westine,* no evidence of negligence and the requisite causation exists here. There is no third party from whom Debtor can recover monetary damages. However, the absence of a responsible third party here does not entitle Debtor to recover from the Town or Mr. Hooker. While Debtor infers the Vermont Supreme Court implicitly balanced the equities arriving at its result, absent a clear articulation by the Vermont Supreme Court adopting such reasoning, this Court declines to adopt it in the first instance, particularly where doing so would allow recovery from those expressly relieved of liability in *Westine*. As was the case in *Westine,* the Town conducted the tax sale in accordance with applicable Vermont law, and Mr. Hooker purchased the Property in good faith. Debtor has

---

[19] ECF 58 pp. 24-25 (citations omitted).

[20] *Westine*, 150 Vt. at 14.

proffered no legal support for his argument that the Town or Mr. Hooker should be liable for any differential between the Property's fair market value and the price paid at the 2023 Tax Sale. The Court finds nothing in Vermont law supporting, much less requiring, such result.

The crux of Debtor's' argument is that "equity and good conscience" require Mr. Hooker to pay to Debtor in the form of a judgment any differential between the Property's fair market value and the price paid at the 2023 Tax Sale after acquiring the Property through a regularly conducted tax sale under Vermont law subject to a competitive bidding procedure. The Vermont Supreme Court rejected that argument in *Westine*. Debtor does not dispute the Town correctly issued a tax deed to Mr. Hooker and conducted the 2023 Tax Sale in compliance with the applicable Vermont statutes. The Town was required under the Vermont statute to issue the tax deed to Mr. Hooker. Mr. Hooker now holds valid title to the Property. Against such clear statutory provisions, "equity and good conscience" cannot require a different result.

Looking through a broader lens outside the confines of the transaction at issue and considering the "human setting" in which this dispute arises as directed by the Vermont Supreme Court, the Court considers the broader implications if it were to hold otherwise. As the United States Supreme Court has observed:

> It is beyond question that an essential state interest is at issue here: We have said that "the general welfare of society is involved in the security of the titles to real estate" and the power to ensure that security "inheres in the very nature of state government." [21]

If adopted, Debtor's argument would place into question the security of any property purchased at a tax sale in Vermont, chill the competitive bidding process the Vermont statute is intended to induce, and frustrate the ability of local municipalities to enforce and collect property taxes. As

---

[21] *BFP v. Resolution Trust Company,* 511 U.S. 531, 544, 114 S.Ct. 1757, 1764-65, 128 L.Ed.2d 556 (1994) (citing *American Land Co. v. Zeiss,* 219 U.S. 47, 60, 31 S.Ct. 200, 204, 55 L.Ed. 82 (1911)).

this Court has recognized, the Vermont tax statute strikes a balance between the municipality's interest in collecting taxes with the taxpayer's property rights.[22] Even when looking through a broader lens, equity and good conscience do not require Mr. Hooker to pay Debtor any differential between the fair market value of the Property and the purchase price at the 2023 Tax Sale.

## CONCLUSION

Based upon the totality of the circumstances, Debtor does not have a viable unjust enrichment claim as a matter of law. The Town complied with the statute and because Debtor did not properly redeem, Mr. Hooker obtained rightful title to the Property which precludes Debtor's unjust enrichment claim. The Court denies summary judgment for Debtor and grants summary judgment for the Town of Mount Holly and Thomas J. Hooker on Debtor's unjust enrichment claim.

October 16, 2025  
Burlington, Vermont

Heather Z. Cooper  
United States Bankruptcy Judge

---

[22] ECF 70 p. 24.